## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERNESTO TELLO, Individually, and on behalf of all persons similarly situated,**<br><br>     **Plaintiffs,**<br><br>**vs.**<br><br>**VB3, LLC, GIUSEPPE RUSSO, Individually, GARY LEFF, Individually, and RICKY LEFF, Individually,**<br><br>     **Defendants.** | Civil Action No.:<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff ERNESTO TELLO ("Plaintiff" or "Tello"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, VB3, LLC, ("corporate Defendant" or "VB3"), GIUSEPPE RUSSO, Individually ("Russo"), GARY LEFF, individually, ("Gary Leff"), and RICKY LEFF, Individually ("Ricky Leff"), and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") ("collectively "NJWHL").

2.     Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other similarly situated non-exempt restaurant workers, for damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3.      Plaintiff brings this lawsuit against Defendants as a class action on behalf of himself and all other non-exempt restaurant workers, for damages as a result of Defendant's violations of the NJWHL pursuant to the class action provisions of Fed.R.Civ. P, Rule 23.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      At all times material hereto, Plaintiff performed non-exempt dishwasher, kitchen cleaning and maintenance duties for the Defendants in Jersey City, Hudson County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

8.      At all times pertinent to this Complaint, the Defendant, VB3, LLC, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, in part, Defendants purchase food and supplies from all over the metropolitan area.  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers.  Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

9.     Plaintiff Tello is an adult individual who is a resident of Jersey City, Hudson County, New Jersey.

10.     Plaintiff Tello was employed by Defendants full time as a non-exempt dishwasher, Kitchen cleaner/maintenance worker, beginning in or about 2010, and Plaintiff continues to work for Defendants to date.

11.     Upon information and belief, the Defendants own and/or maintain a restaurant that provides dining for its patrons in State of New Jersey as well as in other states.

12.     Upon information and belief, the Defendant, VB3, is headquartered in Jersey City, Hudson County, New Jersey.

13.     Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

14.     Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

15.     At all times relevant to this Complaint, the Defendants are and were employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

16.     Upon information and belief, Defendant Giuseppe Russo is a New Jersey state resident.

17.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Russo has been an owner, partner, officer and/or manager of VB3.

18.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Russo has had power over personnel decisions at VB3.

19.     At all times relevant to this Complaint, individual Defendant Russo was present at the business regularly, and managed the day-to-day financial operations, the company time and pay practices and had the power to change same.

20.     Upon information and belief, Defendant Gary Leff is a New Jersey state resident.

21.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Gary Leff has been an owner, partner, officer and/or manager of VB3.

22.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Gary Leff has had power over personnel decisions at VB3.

23.     At all times relevant to this Complaint, individual Defendant Gary Leff was present at the business regularly, and managed the day-to-day financial operations, the company time and pay practices and had the power to change same.

24.     Upon information and belief, Defendant Ricky Leff is a New Jersey state resident.

25.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Ricky Leff has been an owner, partner, officer and/or manager of VB3.

26.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Ricky Leff has had power over personnel decisions at VB3.

27.     At all times relevant to this Complaint, individual Defendant Ricky Leff was present at the business regularly, and managed the day-to-day financial operations, the company time and pay practices and had the power to change same.

## CLASS AND COLLECTIVE ALLEGATIONS

28.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

29.     This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

30.     The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

31.     The putative class is so numerous that joinder of all members is impracticable.

32.     The size of the putative class is believed to be in excess of 40 employees.  In addition, the names of all potential members of the putative class are not known.

33.     The claims of the Named Plaintiff are typical of the claims of the putative class.

34.     The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

35.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' location.

36.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  Furthermore,

the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

38.    This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

39.    Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

40.    A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

41.    Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for the overtime hours that he worked in a work week.

42.    Among other duties, Plaintiff worked and continues to work as a dishwasher in the kitchen for Defendants and further maintained and continues to maintain Defendants' kitchen equipment.

43.    Plaintiff is paid the same amount of money each week, currently being paid $540.00 per week, regardless of the number of hours he worked and works each workweek.

44.    Plaintiff routinely worked and continues to work five (5) days per week.

45.     Plaintiff usually does not work on Tuesdays and Wednesdays.

46.    Plaintiff has regularly worked significantly more hours than forty (40) hours in a work week and currently works at least fifty (50) hours per week.

47.     Plaintiff does not receive a work break.

48.     Plaintiff was and is not paid one and one-half times his regular rate of pay for the hours that he worked and continues to work in excess of forty (40) in a work week.

49.     Upon information and belief, employees similarly situated to Plaintiff also have been and continue to be compensated improperly.

51.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

52.     At all times material hereto, Plaintiff and all similarly situated employees, were and are performing their duties for the benefit of and on behalf of Defendants.

53.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as treble damages applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

54.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

55.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

56.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

57.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after June, 2018.

58.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

59.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs.

60.     Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

61.      Defendants knowingly and willfully failed to pay Plaintiff at one and one-half times his regular rate of pay for his overtime hours worked in a work period.

62.     All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

63.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

64.      As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

65.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs.

66.     Defendants' aforementioned conduct is in violation of the NJWHL.

67.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

68.     Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, ERNESTO TELLO, and those similarly situated employees, demand judgment, against Defendant VB3, LLC, GIUSEPPE RUSSO, Individually, GARY LEFF, Individually, and RICKY LEFF, Individually, for the payment of statutory compensation for all overtime hours due them, for which they have not been properly compensated, liquidated damages and/or treble damages as applicable, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 24, 2021                          Respectfully submitted,

                                              **JAFFE GLENN LAW GROUP, P.A.**

                                              /s Andrew I. Glenn
                                              Andrew I. Glenn
                                              aglenn@jaffeglenn.com
                                              Jodi J. Jaffe
                                              jjaffe@jaffeglenn.com
                                              300 Carnegie Center, Suite 150
                                              Princeton, New Jersey 08540
                                              Telephone: (201) 687-9977
                                              Facsimile: (201) 595-0308
                                              *Attorneys for Plaintiff and Putative Class*